IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**RONALD DAVID JONES,**

    **Plaintiff,**

vs.                                                   Case No. 4:15cv87-MW/CAS

**DEBORAH MINNIS,**
**and OPAL MCKINNEY-WILLIAMS,**

    **Defendants.**

_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, recently filed eighteen cases in this Court.[1] In this case, Plaintiff filed a civil rights complaint under 42 U.S.C. § 1983, doc. 1, and a motion requesting leave to proceed in forma pauperis, doc. 4.

Plaintiff's in forma pauperis motion demonstrates he lives on "family owned" property, is currently unemployed, and is provided money to pay the utility bill. Doc. 4. Plaintiff did not fill out the financial affidavit completely because he did not provide any information about his most recent employer. Nevertheless, good cause has been

---

[1] The case numbers are: 4:15cv61; 4:15cv76; 4:15cv80; 4:15cv81; 4:15cv82; 4:15cv83; 4:15cv84; 4:15cv85; 4:15cv86; 4:15cv87; 4:15cv88; 4:15cv89; 4:15cv90; 4:15cv104; 4:15cv105, 4:15cv116, 4:15cv117, and 4:15cv119. In addition to those cases, Plaintiff also initiated case number 4:14cv332 in July of 2014.

shown and Plaintiff's in forma pauperis motion, doc. 4, is **Granted**.  The Clerk of Court shall file the complaint without requiring payment of the filing fee.

Plaintiff's complaint, doc. 1, has been reviewed and is insufficient as filed.  The complaint is not on court forms as is required by the local rules of this Court.  N.D. Fla. Loc. R. 5.1(H).  In addition, the complaint also does not comply with Federal Rule of Civil Procedure 10(b).  Pursuant to Rule 10(b), all statements "shall be made in numbered paragraphs, the contents of which shall be limited as far as practicable to a statement of a single set of circumstances."  Fed. R. Civ. P. 10(b).  Plaintiff's complaint consists of three paragraphs which are not limited to a single set of circumstances.

The complaint alleges that in 2007, he was hired as a substitute teacher by the Gadsden County School Board.  Doc. 1 at 1.  Plaintiff advises that he "acquired a Florida Department of Education Official Statement of Status Eligibility"[2] for grades five through nine on August 1, 2007.  While working as a substitute teacher, another teacher resigned and Plaintiff was appointed to fill that position, a fourth grade instructional position, on an emergency basis on February 26, 2008.  *Id.*  Plaintiff alleges that at the end of the 2007/2008 school year, he was appointed to a fifth grade instructional position within his status eligibility for the 2008/2009 school year.  *Id.*

On August 4, 2008, a week before the new school year was to start, Plaintiff received a letter terminating his employment.  Doc. 1 at 2.  Plaintiff contends he was "wrongfully fired" from a fifth grade teaching position because the letter notified him he was fired "for teaching outside the range" of his eligibility from the Department of

---

[2] It appears that a Statement of Status Eligibility is neither a temporary certificate or a professional certificate to teach in Florida.  *Jones v. Gadsden Cnty. Sch. Bd.*, Case No. 10-8570 (Fla. DOAH Jan. 19, 2011).

Education.  *Id.*  Plaintiff advises that he filed a complaint alleging discrimination based on gender because he was replaced by a female teacher.  *Id.*  Plaintiff claims that at the hearing before the Florida Division of Administrative Hearings, Dr. Sonja Bridges, the Assistant Superintendent of Schools was asked why the termination letter was sent at "the last minute."  *Id.* at 2.  Bridges allegedly committed perjury in the hearing by stating the letter was sent on July 10, 2008.[3]  *Id.*  Plaintiff claims that during the lunch break, Bridges and Deborah Minnis, an attorney, and Opan McKinney-Williams, another attorney went to the Gadsden County School Board office "and manufactured a letter dated July 10, 2008[,] and submitted [that] falsified evidences [sic] changing the date of the termination letter . . . ."  *Id.*  Plaintiff also claims that Bridges, Minnis, and McKinney-Williams falsely reported Plaintiff "was teaching fourth grade out of field and replaced Anthony Duane Clum[,] a man."  *Id.*  Plaintiff claims that evidence was false because he was teaching fifth grade within his eligibility and was replaced by a woman.  *Id.*  Plaintiff has attempted to present claims for wrongful termination, falsifying evidence, perjury, and a violation of Florida's Civil Rights Act.  *Id.*

Although Plaintiff does not advise what transpired after the hearing, Plaintiff provided a copy of the School Board's Witness and Exhibit List as an attachment to the complaint he filed in case number 4:15cv86-RH/CAS.[4]  That document provides the

---

[3] Plaintiff alleges the letter was dated July 29, 2008, postmarked July 31, 2008, and actually received on August 4, 2008.  Doc. 1 at 2.

[4] The complaint filed in that case is identical to the complaint filed in this case.  The only difference is Plaintiff named Dr. Bridges as the Defendant in case number 4:14cv86, and he names Minnis and McKinney-Williams as Defendants in this case.  Plaintiff may not proceed with multiple cases challenging the same facts and issues.  While judicial economy is best served by joining cases together, these cases should not be consolidated however because Plaintiff's complaint is insufficient to state a claim.

case number for Plaintiff's complaint against the School Board, and judicial notice is taken that Administrative Law Judge James H. Peterson, III, issued a Recommended Order of Dismissal on January 19, 2011.[5]  Thereafter, the Florida Commission on Human Relations issued a Final Order on April 13, 2011, finding that Plaintiff (as Petitioner) failed to prove gender discrimination.  Those findings of fact conclude that Plaintiff was not re-employed because of budget constraints which required the termination of those teachers who were not certified or teaching "out of field."

Here, Plaintiff's complaint is insufficient and this case should be dismissed.  First, Plaintiff's claims concern events which transpired in 2008.  A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations.  Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999) (citing Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)).  In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act."  Burton, 178 F.3d at 1188 (citing Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir. 1988)).  Plaintiff's claims are barred by the statute of limitations and must be dismissed.

---

[5] That Recommended Order demonstrates that at the time Petitioner was hired to teach in January 2008, it was because the school was experiencing a teacher shortage and a person who had an application pending with the Department of Education could be "placed in an instructional position where there was an immediate need, pending completion of all requirements."  Page 6, Recommended Order, *Jones v. Gadsden Cnty. Sch. Bd.*, Case No. 10-8570 (Fla. DOAH Jan. 19, 2011).  His hiring was considered an "out of field" placement because Plaintiff "did not hold either a current or a pending certificate to teach the fourth grade."  *Id.*

Second, Plaintiff's complaint fails to state a claim against Minnis or McKinney-Williams.  Their only alleged involvement was participation in the administrative process, not in terminating Plaintiff's employment.  Plaintiff has failed to state a claim against these Defendants for unlawful termination.  Plaintiff has not alleged that they took any actions which violated his rights.

To the degree Plaintiff alleges these Defendants committed perjury and falsified evidence, any assertions of criminal activity must be prosecuted by the State of Florida.  A citizen does not have the right to demand prosecution for perjury and Plaintiff had not alleged the violation of a federal Constitutional right.  Furthermore, Plaintiff's only assertion of false evidence pertains to the date of the termination letter.  Whether July 10, 2008, or July 29, 2008, it is immaterial to the ultimate decision of whether Plaintiff's Fourteenth Amendment rights where violated when Plaintiff's employment was terminated.

If Plaintiff believes the Florida Division of Administrative Hearings wrongly decided his case, his remedy was to seek an appeal in the Florida First District Court of Appeal.  Plaintiff cannot litigate this claim in more than four years after the Division issued the Final Order.  Because Plaintiff's complaint fails to present a plausible § 1983 claim, Plaintiff's complaint should be dismissed.

Accordingly, it is

**ORDERED:**

1.  Plaintiff's motion for leave to proceed in forma pauperis, doc. 4, is **GRANTED**.

2.  The Clerk of Court shall file the complaint without requiring payment of the filing fee for this case.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted and any pending motions be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 2, 2015.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**